# THE HOUSING AUTHORITY OF THE CITY OF ORLANDO, FLORIDA v. ODUMES

## Case No. CO 84-1652

County Court, Orange County

May 18, 1984

### APPEARANCES OF COUNSEL

**Richard Bates** for plaintiff.

**Jay Rose,** Greater Orlando Area Legal Services, Inc., for defendant.

### OPINION OF THE COURT

GARY L. FORMET, SR., County Judge.

This cause having come before the Court on May 8, 1984, with both sides being represented by counsel, on Defendant's Motion to Intervene and Motion to Dismiss, as well as Plaintiff's Motion to Add Additional Party Defendant and to Amend Complaint, and the Court having heard arguments of counsel and being advised in the premises, the Court finds as follows:

Intervenor, Ethel Odumes is an indispensable party to this action. Her name is on the lease, she is the wife of Willie Odumes and is a tenant at the premises. The Plaintiff is a public housing authority governed by Federal Law relating to public housing and found at 24 C.F.R. 866 et. seq. as well as applicable state law.

The Federal regulations at 24 C.F.R. 866(k)(1) provide that termination notices ". . . shall be in writing and delivered to the tenant or to an adult member of the tenant's household residing in the dwelling or sent by prepaid first class mail properly addressed to the tenant." Florida law at F.S. 83.56(4) only allows posting of notices when the tenant is absent from his usual or last place of residence.

Plaintiff initially alleged service of the eviction notice by posting only and did not allege that the tenants were absent from the place of residence. Plaintiff's Motion to Amend the Complaint alleged that the Notice was incorrectly filled out in that the Notice was personally served to the 17 year old daughter of Ethel Odumes.

Defendants denied service of the Notice and argued that Plaintiff shall not be entitled to amend an improper notice. The Court does not have to reach that issue because Defendant showed that service upon a 17 year old minor, even if it had occurred, would not satisfy the 24 C.F.R. 866(k)(1) requirement of service to the tenant or *adult* member of the household. Florida Statutes 743.07 defines an adult as one 18 years of age or older. This being the case the notice is fatally defective. If it was posted it violates the law and if it was delivered to a minor it was improperly served.

It is therefore,

ORDERED AND ADJUDGED that Plaintiff's Motion For Leave to Add Additional Party Defendant and to Amend Complaint is denied and Defendant's Motions to Intervene and Dismiss the Complaint are granted.